**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SAMUEL WAYNE ROBLING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6013** |
| **NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | **SECTION D(2)** |

## ORDER

Before the Court is Plaintiff Samuel Wayne Robling's Motion for Summary Judgment (R. Doc. 11), Defendant Social Security Administration's Reply Memorandum (R. Doc. 17), United States Magistrate Judge Joseph C. Wilkinson's Report and Recommendation (R. Doc. 19), and Plaintiff Samuel Wayne Robling's Objection to the Report and Recommendation (R. Doc. 20).

Samuel Wayne Robling ("Robling") seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying Robling's claim for disability insurance benefits ("DIB") under Title II of the Act. 42 U.S.C. §§ 423, 1382c. Robling asserts that the Commissioner failed to (1) apply the correct legal standard when assessing the Robling's residual functional capacity; (2) properly and

adequately consider whether Robling's left shoulder degenerative joint disease and chronic pain syndrome were severe impairments; and (3) apply the proper legal standard to determine Robling's credibility regarding pain and other symptoms.[1]

The Magistrate Judge issue a Report and Recommendation, recommending that the plaintiff's appeal be denied and his complaint be dismissed with prejudice.[2]

For the sake of brevity, the Court refrains from reiterating the lengthy discussion of this action's procedural history and summary of facts; that discussion may be found as referenced here.[3]

Plaintiff filed a timely objection to the Magistrate Judge's Report and Recommendation.[4] In his Objection, Plaintiff urges that "the Magistrate erred in his Recommendation that the ALJ properly determined the severity of Mr. Robling's impairments, applied the correct legal standard in the evaluation of pain, and determined an RFC supported by substantial evidence."[5]

I.  Standards of Review

The function of this Court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence.[6]

---

[1] *See* R. Doc. 11-1.
[2] *See* R. Doc. 19.
[3] *See* R. Docs. 11-1, 19, and 20.
[4] *See* 28 U.S.C. § 636(b)(1); R. Doc. 20.
[5] R. Doc. 20, p. 8.
[6] *Richard ex rel. Z.N.F. v. Astrue*, 480 F. App'x 773, 776 (5th Cir. 2012) (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *Stringer v. Astrue*, 465 F. App'x 361, 363 (5th Cir. 2012) (citing *Waters v. Barnhart*, 276 F.3d 716, 716 (5th Cir. 2002)).

Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[7] This Court may not reweigh the evidence in the record, try the issues de novo or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision.[8] The Commissioner, rather than the courts, must resolve conflicts in the evidence.[9] The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[10] Despite this court's limited function, it must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence supports it.[11] Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive.[12]

To be considered disabled and eligible for Supplemental Security Income ("SSI") or Disability Insurance Benefits ("DIB"), the plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[13] The Commissioner has promulgated regulations that provide

---

[7] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Richard ex rel. Z.N.F.*, 480 F. App'x at 776; *Stringer*, 465 F. App'x at 363-64; *Perez*, 415 F.3d at 461.
[8] *Halterman ex rel. Halterman v. Colvin*, No. 12-31099, 2013 WL 5913945, at *2 (5th Cir. May 9, 2013) (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)); *Stringer*, 465 F. App'x at 364.
[9] *Luckey v. Astrue*, 458 F. App'x 322, 324 (5th Cir. 2011) (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)); *Newton*, 209 F.3d at 452.
[10] *See Arkansas v. Oklahoma*, 503 U.S. 91 (1992).
[11] *Joubert v. Astrue*, 287 F. App'x 380, 382 (5th Cir. 2008) (citing *Perez*, 415 F.3d at 461).
[12] *Ray v. Barnhart*, 163 F. App'x 308, 311 (5th Cir. 2006) (citing *Perales*, 402 U.S. at 390); *Perez*, 415 F.3d at 461.
[13] 42 U.S.C. § 423(d)(1)(A).

procedures for evaluating a claim and determining disability.[14] The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[15] The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled.[16] The claimant has the burden of proof under the first four parts of the inquiry. If the claimant successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy that the claimant is capable of performing. When the Commissioner shows that the claimant is capable of engaging in alternative employment, the burden of proof shifts back to the claimant to rebut this finding.[17] The Court weighs four elements of proof when determining whether there is substantial evidence of disability: "'(1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.'"[18]

II. Analysis

In the Report, the Judge Wilkinson states, "I have reviewed the medical records in evidence and the ALJ's summary of the medical evidence. (Tr. 18-22). I find the ALJ's summary of the medical evidence substantially correct and incorporate it

---

[14] 20 C.F.R. §§ 404.1501 to 404.1599 & appendices, §§ 416.901 to 416.998 (2012).
[15] *Id.* §§ 404.1520, 416.920; *Alexander v. Astrue*, 412 F. App'x 719, 720 (5th Cir. 2011) (citing *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007)); *Perez*, 415 F.3d at 461.
[16] *Id.*
[17] *Alexander*, 412 F. App'x 720-21; *Perez*, 415 F.3d at 461.
[18] *Chrisner v. Astrue*, 249 F. App'x 354, 356 (5th Cir. 2007) (quoting *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)); *accord Perez*, 415 F.3d at 463.

herein by reference, with the modifications, corrections and highlights noted below."[19] The Report goes on to discuss, at length, the following conclusions: (1) the Commissioner applied the correct legal standard when assessing the plaintiff's residual functional capacity and that finding is supported by substantial evidence; (2) the Commissioner properly and adequately considered whether the plaintiff's left shoulder degenerative joint disease and chronic pain syndrome were severe impairments; and (3) the Commissioner applied the proper legal standard to determine the plaintiff's credibility regarding pain and other symptoms.[20]

In his Objection, Plaintiff urges that the Magistrate erred in finding that the ALJ was not required to evaluate the physical therapist's opinion in the functional capacity evaluation.[21] Plaintiff also objects to the Report, stating that the Magistrate found that the functional capacity evaluation was contradicted by several reports, but the treating doctors' opinions discuss light or medium work generally without specific functional limitations contained in the functional capacity evaluation.[22] Again, the Court notes that the ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[23]

Regarding the ALJ's residual functional capacity determination, Judge Wilkinson states that "The crux of [Plaintiff's] argument [in his first assignment of error] is that the ALJ failed to rely on physical therapist Trevor Bardarson's

---

[19] R. Doc. 19, p. 13.
[20] *See* R. Doc. 19, pp. 13-35.
[21] *See* R. Doc. 20, pp. 6-7.
[22] *See* R. Doc. 19, pp. 7-8.
[23] *See Arkansas v. Oklahoma*, 503 U.S. 91 (1992).

functional capacity evaluation reports in his decision."[24] Judge Wilkinson goes on to discuss Robling's proposition, based on *Kneeland v. Berryhill*, 850 F.3d 749 (5th Cir. 2017), that it is legal error for an ALJ to either fail to consider or reject without explanation a physician's medical opinion in his decision.[25] The Report presents Defendant's argument in contrast, specifically that the ALJ did not have to consider Bardarson's opinion, which Defendant argues is no more than harmless error because Bardarson is a physical therapist, not an orthopedic doctor:[26] "The Social Security Administration classifies medical sources into two categories, 'acceptable medical sources' and other medical sources."[27] "Only acceptable medical sources can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose medical opinions may be entitled to controlling weight."[28] "Acceptable medical sources include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech pathologists."[29] "'Other medical sources' can include nurse practitioners, physicians' assistants, chiropractors, audiologists, and therapists."[30] Judge Wilkinson found that

> Bardarson, as a physical therapist, is not an "acceptable medical source." 20 C.F.R. § 404.1502(a). Instead, he is an "other medical source." As such, his opinion is not entitled to controlling weight and is not a medical opinion. Even if his opinion was entitled to the weight of an acceptable medical source, however, the results of his functional capacity evaluation are contradicted by the medical opinions of Robling's

---

[24] R. Doc. 19, p. 14, citing R. Doc. 11-1, p. 7.
[25] *See* R. Doc. 19, p. 14.
[26] *See* R. Doc. 19, p. 15.
[27] *Matthews v. Colvin*, 2016 WL 8710706, at *4 (N.D. Tex. Feb. 5, 2016) (citing 20 C.F.R. §§ 404.1513, 416.913).
[28] *Thibodeaux v. Astrue*, 324 Fed. App'x. 440, 445 (5th Cir. 2009).
[29] *Matthews*, 2016 WL 8710706, at *4 (citing *Thibodeaux*, 324 Fed. App'x. at 445).
[30] *Matthews*, 2016 WL 8710706, at *4 (quoting *Thibodeaux*, 324 Fed. App'x. at 445) (emphasis added).

> treating physicians, which constitute substantial evidence upon which the ALJ was entitled to rely.

R. Doc. 19, p. 16. Robling admits in his Objection that "While the physical therapist is not an 'acceptable medical source' for purposes of establishing a medically determinable impairment, as Judge Wilkinson noted, Bardarson, as a physical therapist, was an other medical source whose opinion should be given weight and evaluated as part of the record as a whole."[31]

Robling argues that the *Giles* case should be distinguished from the case at hand because in *Giles*, the ALJ failed to list severe impairments as that term is defined in the Act, "for which Giles had little to no treatment or where the record contained no specific complaints of limitations."[32] Robling poses that the ALJ's decision was silent as to the functional capacity evaluation findings, which "shows specific limitations caused by his combination of severe impairments,"[33] "and he should not be given credit for evaluating the entire record due to boilerplate language rejected by the Fifth Circuit in *Kneeland*."[34] However, in addition to finding that Bardarson's opinion is not entitled to controlling weight and is not a medical opinion, Judge Wilkinson specifically noted that Bardarson's functional capacity evaluation is contradicted by several reports by Robling's treating physicians and discussed those reports at length.[35] Robling asserts that those reports do not contradict Bardarson's

---
[31] R. Doc. 20, p. 8.
[32] R. Doc. 20, pp. 6-7.
[33] R. Doc. 20, p. 7.
[34] R. Doc. 20, p. 8.
[35] R. Doc. 20, p. 17.

evaluation "to the extent that they are silent regarding specific functional limitations."[36] The plaintiff contends that that "the ALJ's decision was not supported by substantial evidence due to his failure to address whether the FCE's more detailed restrictions were supported by the record."[37] Regarding the plaintiff's assignment of error as to considering Bardarson's evaluation, which is merely reiterated in the Objection, Judge Wilkinson found it lacked merit:

> The ALJ stated that he reviewed the entire record and was unpersuaded by Robling's allegation "that the severity of functional limitations imposed by his impairments precludes the performance of all work activities." (Tr. 21). The ALJ afforded great weight to the medical opinions of plaintiff's treating physicians and was not required to give weight to Bardarson's functional capacity evaluation. The ALJ need not address each aspect of the record in detail. "[T]here will always be some evidence that is not specifically discussed in the Commissioner's decision. Our review is limited to examining whether the decision to deny benefits is supported by substantial evidence in the record, and it is here. Likewise, the Commissioner used the proper legal standards to evaluate the evidence, and the ALJ adequately resolved inconsistencies in the record." Giles v. Astrue, 433 F. App'x 241, 251 (5th Cir. 2011).

R. Doc. 20, pp. 19-20. The Court finds that Judge Wilkinson properly cited *Giles* as support for the fact that an ALJ need not address each aspect of the record in detail. The Court affirms Judge Wilkinson's finding that the ALJ did not apply improper legal standards, as the plaintiff claims, and that the medical opinions of Robling's treating physicians do, in fact, constitute substantial evidence upon which the ALJ was entitled to rely.[38] To the contrary, the Court is satisfied after its review that the ALJ applied the correct legal standards as discussed in more detail below.

---

[36] R. Doc. 20, p. 7.
[37] *Id.*
[38] *See* R. Doc. 19, p. 16.

In his conclusion, Robling mentions, without further discussion, that Judge Wilkinson "erred in his Recommendation that the ALJ properly . . . applied the correct legal standard in the evaluation of pain." Although Robling glosses over this alleged error, the Court addresses the objection in detail by examining Judge Wilkinson's findings as to the Commissioner's application of the proper legal standard to determine the plaintiff's credibility regarding pain and other symptoms.

> Plaintiff's third and final assignment of error is that the ALJ failed properly to assess plaintiff's credibility regarding his pain and symptoms. Specifically, plaintiff claims that the ALJ committed reversible error by only mentioning the 2014 electromyography test,13 and not the 2012 electromyography test, in his decision. Record Doc. No. 11-1 at p. 10. Plaintiff also argues that the Appeals Council failed to consider new evidence from Dr. Patrick Walker. Record Doc. No. 11-1 at p. 11.

R. Doc. 20, p. 23. The ALJ found that the additional evidence did not relate to the time period at issue. Judge Wilkinson discussed how it is well established that the Appeals Council is not required to discuss new evidence when it denies review, as opposed to reviewing a case and rendering a new decision affirming the ALJ's findings.[39]

The Fifth Circuit does not require district courts to remand a case simply because the Appeals Council, in denying review, did not discuss the new evidence.[40] District courts must examine the later submitted evidence when a plaintiff argues that the Appeals Council erred by denying a request for review despite the evidence. "If additional evidence is presented while the case is pending review by the Appeals

---

[39] *See* R. Doc. 19, p. 25 (citations omitted).
[40] *See Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005).

Council, courts of appeals customarily review the record as a whole, including the new evidence, in order to determine whether the Commissioner's findings are still supported by substantial evidence."[41] District courts in the Fifth Circuit have held that they should review the entire record, including the evidence submitted to the Appeals Council, to determine whether "the Appeals Council has failed to properly evaluate new medical evidence which is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination" and requires that the case "be remanded so that the Appeals Council fully can evaluate the treating source statement."[42] In addition, new evidence must be material to be the basis for a remand. The "materiality inquiry requires determining whether the evidence relates to the time period for which the disability benefits were denied."[43] The new evidence cannot merely concern a subsequently acquired disability or the deterioration of a condition that was not previously disabling.[44]

Judge Wilkinson states that in accordance with controlling jurisprudence, "I have reviewed the new evidence and find that it does not significantly undermine the

---

[41] *Higginbotham v. Barnhart*, 163 F. App'x 279, 282 (5th Cir. 2006).
[42] *Booker v. Astrue*, 2011 WL 4031096, at *7 (N.D. Tex. Aug. 15, 2011), report & recommendation adopted, 2011 WL 4048408 (N.D. Tex. Sep. 12, 2011) (citations omitted) (emphasis added); *accord Ayala v. Berryhill*, 2018 WL 1470626, at *4 (N.D. Tex. Mar. 8, 2018), report & recommendation adopted, 2018 WL 1457246 (N.D. Tex. Mar. 23, 2018); *Tackett v. Colvin*, No. 1:16-CV-181-MTP, 2017 WL 651957, at *9 (S.D. Miss. Feb. 16, 2017); Luna v. Colvin, 2016 WL 5475806, at *4 (E.D. Tex. Sept. 29, 2016); *Thornton v. Colvin*, 2016 WL 1136627, at *13 (E.D. La. Feb. 29, 2016), report & recommendation adopted, 2016 WL 1110231 (E.D. La. Mar. 22, 2016); *see also Jones v. Astrue*, 228 F. App'x 403, 407 (5th Cir. 2007) (The evidence submitted to the Appeals Council "did not so contradict earlier evidence that a 'weighing' of new and old evidence would be required." Remand was unnecessary when the new "report was . . . not inconsistent with" the evidence that the ALJ considered.).
[43] *Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003) (citing *Ripley*, 67 F.3d at 555); *accord Joubert v. Astrue*, 287 F. App'x 380, 383 (5th Cir. 2008).
[44] *Id.*; *Garson v. Barnhart*, 162 F. App'x 301, 303 (5th Cir. 2006) (citing *Leggett v. Chater*, 67 F.3d 558, 567 (5th Cir. 1995)).

ALJ's findings, which are still supported by substantial evidence, because the new evidence is not material."[45] Ultimately, Judge Wilkinson concludes, "The ALJ used the appropriate legal standards to weigh and resolve conflicts in the medical opinion evidence and to evaluate plaintiff's credibility. His residual functional capacity findings and determination that Robling could perform less than a full range of light work, with certain restrictions, are supported by substantial evidence."[46] Therefore, Judge Wilkinson finds that remand is not necessary.[47] This Court agrees.

Having carefully considered the administrative record, the applicable law, the parties' memoranda, the Magistrate Judge's Report and Recommendation, and Plaintiff's Objection, the Court APPROVES the Magistrate Judge's Report and Recommendation (R. Doc. 19) and ADOPTS the Report as the Court's opinion herein.

IT IS HEREBY ORDERED that the final decision of the Acting Commissioner of the Social Security Administration, Nancy A. Berryhill, denying the application for disability insurance benefits filed by Plaintiff Samuel Wayne Robling is AFFIRMED;

IT IS FURTHER ORDERED that Plaintiff Samuel Wayne Robling's Motion for Summary Judgment (R. Doc. 11) is DENIED. A Final Judgment dismissing with prejudice this action will follow.

New Orleans, Louisiana, this the 25th day of September, 2019.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[45] *See* R. Doc. 19, p. 28.
[46] R. Doc. 19, pp. 35-36.
[47] See R. Doc. 19, p. 25.